UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

MARTIN J. BRADLEY, Jr., )
)
    Movant, )
)
v. )  Case No. CV414-198
)          CR405-059
UNITED STATES OF AMERICA, )
)
    Respondent. )

## ORDER

The government obtained convictions against Martin J. Bradley, III, and his father, Martin Bradley, Jr., in this RICO-based case.[1] Bradley, III has since sought 28 U.S.C. § 2255 relief before this Court, and the district judge's ruling denying his § 2255 motion is now on appeal. *Bradley v. United States*, 2013 WL 6246775 (S.D. Ga. Dec. 3, 2013), *reconsideration denied*, 2014 WL 1259606 (S.D. Ga. Mar. 25,

---

[1] In September 2005, a 286-count superseding indictment was returned against the Bradleys and others, accusing them of operating a complex criminal RICO enterprise stemming from numerous fraud schemes involving the purchase and sale of prescription medications. CR405-059, doc. 228. After a six-week trial in which the government called 89 witnesses, a jury found the Bradleys, a corporation, and a third individual guilty. Doc. 553, *aff'd*, *United States v. Bradley*, 644 F.3d 1213 (11th Cir. 2011).

2014), *certificate of appeal granted in part*, ___F. Supp. 2d ___, 2014 WL 1243800 (S.D. Ga. Mar. 26, 2014).

Bradley, Jr. has now filed his own § 2255 motion.[2] Such motions are generally referred to a magistrate judge for preliminary review. However, because of the unique circumstances of this case and the arguments asserted on collateral review by Bradley, III, the district judge who conducted the criminal trial elected to address Bradley, III's § 2255 motion directly, without referring the matter to a magistrate judge. Because "Bradley, Jr.'s § 2255 petition raises the same issues as those raised by Bradley, III . . . and expressly adopts . . . the enumeration of the issues and the briefs and supporting affidavits filed in support of those claims . . . ," doc. 1531 at 3, it is appropriate that the present § 2255 motion also be addressed directly by the district judge. Accordingly, the Clerk is **DIRECTED** to correct the docket to reflect that this case is

---

[2] He won a re-sentencing, and his re-sentence was affirmed in *United States v. Bradley*, 522 F. App'x 518 (11th Cir. 2013). That court's mandate was entered on this Court's docket on July 18, 2013. Doc. 1503. Movant thus had 90 days from that date to file his § 2255 motion here. *Clay v. United States*, 537 U.S. 522, 524-25 (2003) ("For the purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Hence, his § 2255 motion was due by October 16, 2014. He timely filed it on September 10, 2014. Doc. 1531.

assigned to the Honorable B. Avant Edenfield, without reference to the undersigned.

**SO ORDERED** this 15Th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA