# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARTIN J. BRADLEY, Jr., )
)
    Movant, )
)
v. ) Case No. CV414-198
)          CR405-059
UNITED STATES OF AMERICA, )
)
    Respondent. )

## ORDER

In light of intervening circumstances, the Court **VACATES** its September 15, 2014 Order (CR405-059, doc. 1535) and **DIRECTS** the Clerk to reassign this 28 U.S.C. § 2255 proceeding back to the undersigned for preliminary review. It is appropriate, however, to stay this case until further order of the Court.

Some background: The government obtained convictions against Martin J. Bradley, III, and his father, Martin Bradley, Jr., primarily on RICO charges.[1] Following an unsuccessful appeal, *United States v.*

---

[1] In September 2005, a 286-count superseding indictment was returned against the Bradleys and others, accusing them of operating a complex criminal RICO enterprise stemming from numerous fraud schemes involving the purchase and sale of prescription medications. CR405-059, doc. 228. After a six-week trial in which the government called 89 witnesses, a jury found the Bradleys, a corporation, and a third individual guilty. Doc. 553.

*Bradley*, 644 F.3d 1213 (11th Cir. 2011), Bradley, III sought 28 U.S.C. § 2255 relief before this Court, and the district judge's ruling denying that motion is now on appeal. *Bradley v. United States*, 2013 WL 6246775 (S.D. Ga. Dec. 3, 2013), *reconsideration denied*, 2014 WL 1259606 (S.D. Ga. Mar. 25, 2014), *certificate of appealability granted in part*, 7 F. Supp. 3d 1272 (S.D. Ga. Mar. 2014), *appeal pending*, No. 14-10463-FF (11th Cir. 2015).

Bradley, Jr. has since filed his own § 2255 motion, which is now before this Court at its opening stage. Docs. 1531 & 1532 (double entry). Such motions are generally referred to a magistrate judge for preliminary review. But because of the unique circumstances of this case and the arguments asserted on collateral review by Bradley, III, the judge who conducted the criminal trial elected to address Bradley, III's § 2255 motion directly, without referring the matter to a magistrate judge. It made sense for him to do the same here because Bradley Jr. represents that his motion "raises the same issues as those raised by Bradley, III . . . and [he] expressly adopts . . . the enumeration of the issues and the briefs and supporting affidavits filed in support of those claims . . . ." Doc. 1531 at 3. So in this (Bradley Jr.) case, the undersigned directed

*Bradley*, 644 F.3d 1213 (11th Cir. 2011), Bradley, III sought 28 U.S.C. § 2255 relief before this Court, and the district judge's ruling denying that motion is now on appeal. *Bradley v. United States*, 2013 WL 6246775 (S.D. Ga. Dec. 3, 2013), *reconsideration denied*, 2014 WL 1259606 (S.D. Ga. Mar. 25, 2014), *certificate of appealability granted in part*, 7 F. Supp. 3d 1272 (S.D. Ga. Mar. 2014), *appeal pending*, No. 14-10463-FF (11th Cir. 2015).

Bradley, Jr. has since filed his own § 2255 motion, which is now before this Court at its opening stage. Docs. 1531 & 1532 (double entry). Such motions are generally referred to a magistrate judge for preliminary review. But because of the unique circumstances of this case and the arguments asserted on collateral review by Bradley, III, the judge who conducted the criminal trial elected to address Bradley, III's § 2255 motion directly, without referring the matter to a magistrate judge. It made sense for him to do the same here because Bradley Jr. represents that his motion "raises the same issues as those raised by Bradley, III . . . and [he] expressly adopts . . . the enumeration of the issues and the briefs and supporting affidavits filed in support of those claims . . . ." Doc. 1531 at 3. So in this (Bradley Jr.) case, the undersigned directed

the Clerk to correct the docket to reflect that it remained before the district judge without reference. Doc. 1535. The trial judge, however, passed away before he could reach the motion, and the justification for "un-referring" Bradley Jr.'s § 2255 motion passed with him. The Clerk is therefore **DIRECTED** to correct the docket to show that this matter is referred to the undersigned.

Meanwhile, the opening and response briefs have been filed in Bradley III's appeal. Since many if not most of the issues raised here will be resolved by the *Bradley III* ruling, it makes sense to await the appellate's court's decision. Accordingly, this case is hereby **STAYED**. If Bradley, III prevails on appeal, this Court can then grant Bradley, Jr. immediate relief consistent with Eleventh Circuit's decision.

**SO ORDERED** this 10th day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA